UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

BOBBY LEE TAYLOR,

      Defendant.
_____/

Case No. 12-20565
Hon. Mark A. Goldsmith

**OPINION & ORDER**
**DENYING DEFENDANT BOBBY LEE TAYLOR'S MOTION FOR RECONSIDERATION (Dkt. 306) AND SETTING FORTH THE REASONS FOR DENYING TAYLOR'S MOTION FOR COMPASSIONATE RELEASE (Dkt. 287)**

On October 26, 2020, the Court denied Defendant Bobby Lee Taylor's motion for compassionate release (Dkt. 301). On December 11, 2020, Taylor filed a motion for reconsideration, asking the Court to reconsider its denial of Taylor's motion for compassionate release based on opinions recently issued by the Sixth Circuit regarding compassionate release (Dkt. 306). None of the opinions cited by Taylor warrants reconsideration of the denial of his motion for compassionate release. However, in light of the Sixth Circuit's recent decision, United States v. Jones, 980 F.3d 1098 (6th Cir. 2020), clarifying that district court judges should provide their reasons for granting or denying a motion for a sentence modification, id. at 1113, the Court will now set forth its findings and analysis in support of the October 26, 2020 order.

Taylor pleaded guilty to conspiracy to possess with intent to distribute and distribute PCP, an extremely toxic and highly addictive drug. See Judgment (Dkt. 189). The Court sentenced him to 130 months' imprisonment on May 11, 2017. Id. Taylor, age 58, is currently serving his custodial sentence at FCI Terminal Island. His projected release date is June 24, 2023. On July

8, 2020, Taylor filed a motion for compassionate release, arguing that he has a high risk of contracting COVID-19 due to his underlying health conditions (Dkt. 287). For the reasons that follow, the Court denied Taylor's motion for compassionate release and now denies his motion for reconsideration.

## I. LEGAL STANDARD

### A. Motion for Compassionate Release

The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Ruffin, 978 F.3d 1000, 1003-1004 (6th Cir. 2020). Before granting a compassionate-release motion, a district court must engage in a three-step inquiry: (i) the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," (ii) it must ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (iii) it must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." United States v. Jones, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). If all of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C. § 3582(c)(1)(A).

Regarding the first step of the inquiry, the Sixth Circuit recently held that, with respect to motions for compassionate release filed by imprisoned individuals, "extraordinary and compelling" reasons are not limited to those set forth in U.S.S.G. § 1B1.13. Jones, 980 F.3d at 1109. It further held that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." Id.

2

Although courts are not required to consider § 1B1.13 in ruling on compassionate release motions brought directly by inmates, United States v. Elias, —F.3d—, No. 20-3654, 2021 WL 50169, at *2 (6th Cir. Jan. 6, 2021), § 1B1.13 still provides a useful working definition of "extraordinary and compelling reasons," and thus may be consulted to "guide discretion without being conclusive," United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020) (citing Gall v. United States, 552 U.S. 38, 49-50 (2007); Kimbrough v. United States, 552 U.S. 85 (2007)).

In the commentary to § 1B1.13, the Sentencing Commission has enumerated several extraordinary and compelling reasons justifying a reduction of sentence, including the "Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C). Some examples of compelling reasons are medical conditions "with an end of life trajectory," a defendant's serious physical deterioration related to the aging process, and death or incapacitation of a caregiver of a defendant's minor child or children. Id. The Guidelines also contemplate "Other Reasons" where the defendant has "extraordinary and compelling reasons other than, or in combination with," the other enumerated reasons. U.S.S.G. 1B1.13 cmt. n.1(D).

**B. Motion for Reconsideration**

The Court may grant a motion for reconsideration if the movant satisfactorily shows that: (1) a palpable defect mislead the parties and the Court; and (2) correcting the defect would result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A defect is palpable if it is "obvious, clear, unmistakable, manifest, or plain." Olson v. Home Depot, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). The Court will not grant a motion for reconsideration "that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." Id.

## II.  ANALYSIS

Taylor sought compassionate release based on his underlying health conditions of asthma and sleep apnea. Taylor is currently serving a 130-month custodial sentence at FCI Terminal Island, which has had no inmate COVID-19 cases and fifteen staff COVID-19 cases.

The Court looked to U.S.S.G. § 1B1.13 to guide its analysis of whether Taylor had shown "extraordinary and compelling" circumstances warranting compassionate release. In the commentary to § 1B1.13, the Sentencing Commission has enumerated several extraordinary and compelling reasons justifying a reduction of sentence, including, as relevant here, "Medical Condition of the Defendant." U.S.S.G. 1B1.13 cmt. n.1(A)-(C).

Sleep apnea has not been recognized by the Centers for Disease Control and Prevention ("CDC") as a medical condition known to place individuals at increased risk for severe illness from COVID-19.[1] On the other hand, moderate-to-severe asthma has been recognized by the CDC as such a medical condition.[2] Although Taylor's asthma is not described as "mild" or "severe" in his medical records, the precise severity of Taylor's asthma is unknown. Ultimately, the Court determined that it need not ascertain the severity of Taylor's asthma, as the § 3553(a) factors were dispositive in this case.

Before granting a sentence reduction under the First Step Act, the Court must consider the § 3553(a) factors, which include the nature and circumstances of a defendant's offenses, the seriousness of the offenses and the need to promote respect for the law, and the need to protect the public from further crimes by the defendant. With respect to the nature and circumstances of the offense, Taylor's offense was long-lasting and dangerous. For five years, Taylor distributed large-

---

[1] Certain Medical Conditions and Risk for Severe COVID-19 Illness (CDC): https://perma.cc/HT7Y-KAC8.

[2] Id.

4

scale amounts of PCP, a highly dangerous substance that is toxic to the touch. This offense is very serious. In shipping large containers of the hazardous substance via interstate mail and common carriers, Taylor endangered unsuspecting delivery persons and large portions of the community. Further, Taylor committed these acts on more than one occasion while on supervised release for other criminal convictions, demonstrating a severe disrespect for the law and indicating he has not rehabilitated from his past crimes. Releasing Taylor with over forty percent of his sentence remaining would not promote respect for the law or protect the public from further crimes by Taylor. For these reasons, the Court concluded that the § 3553(a) factors weighed decidedly against granting Taylor's motion for a sentence reduction. And because the Court discerns no palpable error, the motion for reconsideration is denied, as well.

### III.   CONCLUSION

For the reasons stated above, the Court denied Taylor's motion for a sentence reduction (Dkt. 287). Further, Taylor's motion for reconsideration (Dkt. 306) is denied.

SO ORDERED.

Dated: January 19, 2021　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 19, 2021.

　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　Case Manager