UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

BOBBY LEE TAYLOR,

    Defendant.
_____/

Case No. 12-20565
Hon. Mark A. Goldsmith

**OPINION & ORDER
DENYING DEFENDANT BOBBY LEE TAYLOR'S MOTION FOR MODIFICATION
OF TERMS OF IMPRISONMENT (Dkt. 302)**

Defendant Bobby Lee Taylor has filed motion for modification of his terms of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. 302). Taylor seeks a reduction of the May 2017 sentence imposed on him based on Sentencing Guideline Amendment 782, which became effective in November 2014. For the reasons that follow, Taylor's motion is denied.

### I.    BACKGROUND

Taylor, age 58, is currently serving his custodial sentence at FCI Terminal Island. In December 2016, Taylor entered into a plea agreement for conspiring to possess with intent to distribute and distribute one kilogram or more of PCP. See Plea Agreement (Dkt. 150). Taylor's agreed-upon underlying conduct included distributing an amount of PCP that "well-exceeded 30 kilograms." Id. at 3. Prior to Taylor's sentencing, the Probation Department calculated Taylor's applicable sentencing guideline range to be 140 to 175 months. To calculate this range, the Probation Department used the 2016 Guidelines Manual, expressly "incorporating all guideline amendments" in effect at the time as well as the then-current Drug Quantity Table for offenses

involving at least 30 kilograms of PCP.  At Taylor's May 11, 2017 sentencing, Judge Corbett O'Meara found the calculation of Taylor's guidelines range and offense level as contained in the presentence report to be accurate, but nevertheless imposed a below-Guidelines sentence of 130 months' imprisonment.  See Transcript of Sentencing Hearing (Dkt. 213).; see also Judgment (Dkt. 189).

## II.  ANALYSIS

Taylor argues that he is entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on the Sentencing Guideline Amendment 782 that became effective in November 2014.  The Government argues that this amendment was taken into account in the calculation of Taylor's sentencing guidelines using the 2016 Guidelines Manual, and, therefore, the amendment does not now lower Taylor's applicable sentencing guideline range.

The Court may resentence a defendant under § 3582(c)(2) if (1) the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) the sentencing reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The Sixth Circuit has explained that, to satisfy the second requirement, "a guidelines amendment must 'have the effect of lowering the defendant's applicable guideline range.'"  United States v. Riley, 726 F.3d 756, 758 (6th Cir. 2013) (quoting United States v. Hameed, 614 F.3d 259, 269 (6th Cir.2010)).  The "applicable guideline range" is "the range that applies before the sentencing court grants any discretionary departures."  United States v. Pembrook, 609 F.3d 381, 387 (6th Cir. 2010).  The primary issue here, however, is whether Taylor has satisfied the first element of the sentence reduction test, i.e., whether his original sentence was "based on" a sentencing range that has subsequently been lowered.

2

Taylor has not satisfied the first element. Amendment 782, which changed the Drug Quantity Table located at § 2D1.1 of the Guidelines to reduce the base offense level for most drug trafficking crimes by two levels, became effective as of November 1, 2014. As discussed above, in calculating Taylor's sentencing guideline range, the Probation Department used the 2016 Guidelines manual which incorporated all guideline amendments in effect at the time. Because Amendment 782 became effective *before* the sentencing guideline range was calculated by the Probation Department and used by Judge O'Meara at Taylor's May 2017 sentencing, Amendment 782 did not "subsequently" lower Taylor's applicable sentencing range. As a result, Taylor has not satisfied the first element of the sentence reduction test and is therefore ineligible for a resentencing under § 3582(c)(2).

The Court notes Taylor is not entitled to the relief he seeks for an additional reason. The second element of the sentence reduction test calls for an analysis of whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. The Sentencing Commission's policy statement provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). The Sixth Circuit has explained that, "[r]ead together, § 1B1.10(b) and § 3582(c)(2) do not permit a sentence below the bottom of the amended Guidelines range." United States v. Allen, 614 F.3d 253, 257 (6th Cir. 2010). Because Taylor's 130-month term of imprisonment is below the then-applicable and currently applicable guideline range of 140 to 175 months, he is unable to satisfy the second element of the sentence reduction test.

### III. CONCLUSION

For the reasons stated above, the Court denies Taylor's motion for modification of his terms of imprisonment (Dkt. 302).

SO ORDERED.

Dated: January 19, 2021               s/Mark A. Goldsmith
       Detroit, Michigan             MARK A. GOLDSMITH
                                        United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 19, 2021.

                                                         s/Karri Sandusky
                                                         Case Manager