UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                          Case No. 12-20565

vs.                                                   HON. MARK A. GOLDSMITH

BOBBY LEE TAYLOR,

      Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT BOBBY LEE TAYLOR'S MOTION TO REDUCE HIS
SENTENCE (Dkt. 318)**

Taylor pleaded guilty to conspiracy to possess with intent to distribute and distribute PCP. See Judgment (Dkt. 189). The Court sentenced him to 130 months' imprisonment on May 11, 2017. Id. Taylor's projected release date is June 24, 2023. Taylor previously filed a motion for compassionate release, arguing that he has a high risk of contracting COVID-19 due to his underlying health conditions, such as sleep apnea and asthma (Dkt. 287). The Court denied this motion (Dkt. 301). Taylor filed a motion for reconsideration (Dkt. 306), which the Court also denied (Dkt. 309). The Court explained that the factors listed in 18 U.S.C. § 3553(a) were dispositive of Taylor's request for compassionate release, as they weighed heavily against reducing Taylor's sentence:

> Before granting a sentence reduction under the First Step Act, the Court must consider the § 3553(a) factors, which include the nature and circumstances of a defendant's offenses, the seriousness of the offenses and the need to promote respect for the law, and the need to protect the public from further crimes by the defendant. With respect to the nature and circumstances of the offense, Taylor's offense was long-lasting and dangerous. For five years, Taylor distributed large-scale amounts of PCP, a highly dangerous substance that is toxic to the touch. This offense is very serious. In shipping large containers of the hazardous substance via

>  interstate mail and common carriers, Taylor endangered unsuspecting delivery persons and large portions of the community. Further, Taylor committed these acts on more than one occasion while on supervised release for other criminal convictions, demonstrating a severe disrespect for the law and indicating he has not rehabilitated from his past crimes. Releasing Taylor with over forty percent of his sentence remaining would not promote respect for the law or protect the public from further crimes by Taylor.

Id. at 4–5.

Taylor has now filed another motion to reduce his sentence (Dkt. 318),[1] in which he argues that he was recently diagnosed with prostate cancer.[2] Taylor contends that he should be released[3] because his prostate cancer—as well as his hypertension, moderate asthma, and obesity—render him vulnerable to COVID-19. The Government argues that Taylor's health conditions and fear of COVID-19 are not extraordinary and compelling circumstances warranting a sentence reduction because, among other reasons, Taylor is "now fully vaccinated against COVID-19." Resp. at 3. Indeed, "a defendant's incarceration during the COVID-19 pandemic—when the defendant has

---

[1] Because oral argument will not aid the Court's decision, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). In addition to the motion, the briefing includes the Government's response (Dkt. 321) and Taylor's reply (Dkt. 323).

[2] In his reply, Taylor adds that he is seeking a sentence reduction based on sentencing disparities between himself and his co-defendants. A reply is not an appropriate vehicle to raise an additional ground for relief. United States v. Stephens, No. 06-CR-20365, 2020 WL 5769125, at *6 (E.D. Mich. Sept. 28, 2020) ("A reply brief 'is not the proper vehicle to raise new arguments.'") (quoting White v. United States, 23 F. App'x 570, 571 (7th Cir. 2001). In any case, sentencing disparities between a defendant and his codefendants—"facts that existed at sentencing"—cannot constitute extraordinary and compelling reasons to release a prisoner. United States v. Hunter, 12 F.4th 555, 571 (6th Cir. 2021). "[E]ven if the sentence disparity did not exist at the time [the defendant] was sentenced, subsequent leniency in another defendant's case says nothing about how [the defendant's] personal circumstances have changed since he was sentenced." Id. at 571–572. In other words, "[t]here is nothing 'extraordinary' or 'compelling' about a sentence disparity that results from a co-defendant's decision to plead guilty." Id. at 572.

[3] Taylor seeks immediate release or, alternatively, a one-year reduction in his sentence. Because Taylor's projected release date is June 2023—approximately one year from now—reducing his sentence by one year would be the functional equivalent of releasing him immediately.

2

access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction," unless the defendant shows that he is "unable to . . . benefit from a vaccine." United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021).  In his reply, Taylor argues that he is unable to benefit from the vaccine because his prostate cancer has increased his susceptibility to the virus.  Ultimately, the Court need not determine whether Taylor's risk of severe illness or death from COVID-19 is an extraordinary and compelling reason to reduce his sentence.  Once again, the § 3553(a) factors are dispositive.

As the Government points out, nearly "nothing has changed since the Court's last balancing" of the § 3553(a) factors, "except the passage of roughly 14 months." Resp. at 7–8.  As a result of this passage of time, Taylor now has approximately 25% of his sentence remaining. "The fact that a prisoner has completed 75% of his sentence may weigh in his favor but is not dispositive." United States v. Brewer, No. 11-20537, 2022 WL 1125797, at *4 (E.D. Mich. Apr. 15, 2022).  For instance, the fact that a defendant has completed 75% of his sentence can be "outweighed by the seriousness of his offense and the danger that he would commit further crimes if released now." Id. (denying compassionate release to a defendant who had served 75% of his sentence because the defendant was involved in a "serious" offense, i.e., "large scale" trafficking operation of heroin, a "Schedule I controlled substance" with "no accepted medical use and a high potential for abuse" and, therefore, "presents a grave danger to the community's health and wellbeing") (punctuation modified).

As the Court explained in its prior opinion, Taylor's offense is both "very serious" and demonstrates a propensity to reoffend.  His offense involved the distribution of "large-scale amounts of PCP, a highly dangerous substance that is toxic to the touch." 1/19/21 Op. at 4–5. PCP is a Schedule II drug, meaning that it has "a high potential for abuse, with use potentially

3

leading to severe psychological or physical dependence."[4] The circulation of such drugs in society, therefore, presents a grave danger to the community's health and wellbeing. Moreover, "Taylor committed these acts on more than one occasion while on supervised release for other criminal convictions, demonstrating a severe disrespect for the law and indicating he has not rehabilitated from his past crimes." 1/19/21 Op. at 5. The seriousness of Taylor's offense and the danger that he would commit further crimes if released now outweigh the fact that he has served 75% of his sentence. See Brewer, 2022 WL 1125797, at *4. Thus, it remains true that releasing Taylor at this time would neither promote respect for the law nor protect the public's safety. See 1/19/21 Op. at 5.

  For the foregoing reasons, Taylor's motion to reduce his sentence (Dkt. 318) is denied.

  SO ORDERED.

Dated: April 21, 2022           s/Mark A. Goldsmith
   Detroit, Michigan         MARK A. GOLDSMITH
                 United States District Judge

---

[4] See United States Drug Enforcement Administration, "Drug Scheduling," https://www.dea.gov/drug-information/drug-scheduling (last visited Apr. 20, 2022).