UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

D-2 BOBBY LEE TAYLOR,

       Defendant.
_____/

No. 12-cr-20565

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**DENYING DEFENDANT'S PETITION TO MODIFY CONDITIONS OF SUPERVISED RELEASE (Dkt. 326)**

Defendant Bobby Lee Taylor filed a petition requesting that the Court modify the conditions of his term of supervised release (Dkt. 326). For the reasons that follow, the Court denies Taylor's petition.[1]

**I. BACKGROUND**

Taylor pleaded guilty to conspiracy to possess with intent to distribute and distribute PCP. See Judgment at PageID.662 (Dkt. 189). He was sentenced to imprisonment for 130 months and assigned to supervised release for a term of five years following his incarceration. See id. at PageID.662–663. Taylor's presentence report (PSR) reflected that his criminal history included 17 adult criminal convictions, including three convictions for sex offenses as well as a conviction for failing to comply with sex offender registry requirements. See Suppl. Resp. at 4

---

[1] Oral argument will not aid the Court's decisional process, so the issues will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). After the Government filed a response to Taylor's motion (Dkt. 328), Taylor filed a reply (Dkt. 331). Because Taylor's reply cited authorities not referenced in his original petition and made new factual assertions, the Court ordered the Government to file a supplemental response (Dkt. 332). The Government did so (Dkt. 334), and Taylor then filed a reply to the Government's supplemental response (Dkt. 335).

1

(citing PSR ¶¶ 33, 35, 40, 47).[2] The most recent sex offense-related conviction was the sex offender registry violation, which occurred in 2009. Id.

In advance of his release from incarceration and the commencement of supervised release, Taylor submitted a request to have his supervision transferred to the Central District of California. See Reply at 10; Resp. at 3. The probation department for the Eastern District of Michigan did not oppose Taylor's request as long as Taylor agreed to abide by additional conditions, including that he (i) register as a sex offender and (ii) submit to a psychosexual evaluation. 8/31/22 Order With Req. to Mod. Cond. at 2 (Dkt. 325). The request noted as to "CAUSE" that the probation department recommended these conditions after "[c]onsidering" that Taylor had "sustained a 1988 conviction of Oral Copulation with a Person Under 18" and was "a registerable sex offender in the state of California." Id. at 3.

Taylor agreed to accept these conditions. See id. at PageID.2681; Reply at 10 (explaining that Taylor "agreed to the conditions . . . because he had no other alternative to return back to California . . . ."). The Government—having conversed with the Central District of California probation department—represents that Taylor's acceptance of these new conditions was a prerequisite to the transfer of his supervision. Resp. at 3. The Government notes that California state law would have required many of the same conditions to which Taylor agreed, but the Government submits that the terms of the agreement were "driven by the judgment of the Central District of California probation department, not California state law." Id. This Court

---

[2] Taylor initially denied this criminal history, asserting that he had been convicted for a "single sex offense" and had "not committed a new sex offense over the last thirty-seven years." Reply at PageID.2712. However, his latest filing appears to acknowledge that he has an additional "two p[ri]or misdemeanor convictions" for sex offenses, Reply to Suppl. Resp. at 6, which is consistent with the Government's representations.

granted the request to transfer supervision and imposed the new conditions of supervised release. See 8/31/22 Order With Req. to Mod. Cond.

Taylor now calls the Court's attention to a June 2, 2022 California state court order relieving Taylor of state-mandated sex offender reporting requirements based on his 1988 conviction. See Pet. at PageID.2691 ("The court grants the [habeas corpus] petition and the defendant no longer has the reporting requirement for sex offender registration.");[3] see also Resp. at 4.

On the basis of this California court order, Taylor now moves to modify the conditions of supervised release which he recently accepted as a prerequisite to the transfer of his supervision.

## II. ANALYSIS

Taylor moves to "remove the modifications of supervise[d] release . . . requiring that the defendant: (1) register as a sex offender[,] (2) submit to a psycho-sexual evaluation, and [(3) abide by] any other conditions required under California state law Section 290." Pet. at 1. Taylor submits that—following issuance of the state-court order relieving him of reporting obligations in relation to one of his sex offenses—California state law does not require his registration as a sex offender. Id. at 2. Taylor argues that the state court order constitutes "a change in circumstances" sufficient to justify modification of his supervised release conditions. Reply at 2 (citing 18 U.S.C. § 3583(e)(2)).

A court may modify conditions of supervised release upon consideration of the same factors that are relevant to determining the initial conditions of supervised release. See § 3583(e)(2). Conditions of supervised release must:

> (1) [be] reasonably related to specified sentencing factors, namely the nature and circumstances of the offense and the history and characteristics of the defendant,

---

[3] Taylor includes this document in the same filing as his petition.

3

and the need to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(2) involve[] no greater deprivation of liberty than is reasonably necessary to achieve these goals; and

(3) [be] consistent with any pertinent policy statements issued by the Sentencing Commission.

United States v. Ritter, 118 F.3d 502, 504 (6th Cir. 1997) (citing 18 U.S.C. §§ 3583(d), 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D); U.S.S.G. § 5D1.3(b)). If conditions of supervised release are "reasonably related to the dual goals of probation, the rehabilitation of the defendant and the protection of the public," then those conditions "must be upheld." United States v. Zobel, 696 F.3d 558, 573 (6th Cir. 2012) (punctuation modified).[4]

In the Government's view, the conditions of supervised release bear a reasonable relation to the interests of rehabilitating Taylor and protecting the public. See Gov't Suppl. Br. at 3–7. The Government asserts that the conditions that Taylor accepted in exchange for the Government's non-opposition to his requested transfer "were a reasonable, defendant-specific, case-related mechanism to address the probation department and this Court's fair concerns about Taylor's criminal history and recidivism." Id. at 7.

---

[4] The Government submits that, because Taylor did not object to the conditions of supervised release when he agreed to them, "at best" a plain-error standard applies. See Suppl. Resp. at 3 (citing Zobel, 696 F.3d at 573 (explaining that courts review for plain error where a party has not "object[ed] to the length or conditions of his [or her] supervised release")). To demonstrate plain error, Taylor would have to "show (1) error (2) that was obvious or clear (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." United States v. Phillips, 516 F.3d 479, 487 (6th Cir. 2008) (punctuation modified). For the reasons explained, Taylor fails to undermine this Court's conclusion that the conditions of supervised release are reasonably related to the goals of probation, never mind meet the higher standard of demonstrating it was "clear error" for the Court to impose the conditions agreed to by the parties in the first place.

The Court agrees. The requirement that a defendant undertake a psychosexual assessment is an appropriate condition of supervised release—even if the conviction for which the defendant is serving a term of supervised release is unrelated to a sex offense—where the defendant's criminal history includes offenses committed "in a sexual manner." United States v. Childress, 874 F.3d 523, 527 (6th Cir. 2017) (affirming order requiring psychosexual evaluation as special condition of supervised release for defendant convicted of felon-in-possession with criminal history including incest conviction) (punctuation modified). Additionally, courts may require that a defendant "register with sex offender registration agencies during his [or her] period of supervised release." United States v. McIntosh, No. 02-6364, 2003 WL 22435676, at *1 (6th Cir. Oct. 23, 2003) (affirming district court's discretionary decision to impose registration as a condition of supervised release where defendant pleaded guilty to receiving obscenity involving minor). Taylor's history of sex offenses demonstrate that these conditions are appropriate in his case.

Taylor sees the 1988 conviction as the "only basis upon which the Probation office" sought the conditions he now seeks to modify, Reply. to Suppl. Resp. at 6, while the Government sees the 1988 conviction as merely the "most relevant" of Taylor's multiple sex offense convictions, Resp. at 4. The Court rejects Taylor's invitation to speculate as to whether the probation department's proposal for certain conditions was based on only a single past offense— a position which the Government denies. This Court is charged with considering factors including the "history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Taylor has three independent convictions for sex offenses on his record and a conviction for failing to comply with sex offender registration requirements. Given this history, the conditions requiring that Taylor undertake a psychosexual assessment and register as a sex offender were "reasonably

5

related" to Taylor's rehabilitation and the protection of the public, so these conditions "must be upheld." Zobel, 696 F.3d at 573 (punctuation modified); see also Childress, 874 F.3d at 527; McIntosh, 2003 WL 22435676, at *1.

Taylor also points to cases decided by the United States Court of Appeals for the Sixth Circuit where past sex offenses that had occurred at least 17 years prior to sentencing were too remote in time to be reasonably related to sex offense-related supervision conditions. See United States v. Carter, 463 F.3d 526, 532 (6th Cir. 2006) (finding "sex offense[s] . . . too remote in time to be reasonably related to a sex-offender condition" where those offenses "occurred seventeen years before the imposition of the sex-offender-treatment condition") (citing United States v. Scott, 270 F.3d 632, 636 (8th Cir. 2001) (finding that sex offense that occurred 15 years prior to sentence did not justify imposition of special sex offender-related conditions where that behavior "ha[d] ceased")); United States v. Thomas, 212 F. App'x 483, 487 (6th Cir. 2007) (finding that conviction "twenty years ago for a sex offense" was "not sufficient to show that the modification [was] reasonably related to the nature of the offense or the characteristics of the defendant").

However, Taylor's case is distinguishable because his most recent sex offense-related conviction for a sex offender registry violation was in 2009—i.e., eight years before the underlying sentence in this case and 13 years before he agreed to the modifications he now challenges. See Suppl. Br. Resp. at 4. Courts in this circuit have found that sex offense-related convictions about as old as Taylor's were reasonably related to sex offense-related supervised release conditions. See, e.g., United States v. Brogdon, 503 F.3d 555, 565–566 (6th Cir. 2007) (affirming imposition of "sex-offense-related conditions" that were "reasonably related to [defendant's] numerous convictions for sex offenses as recently as twelve years ago"); United

6

States v. Mercer, No. 2:17-cr-011, 2017 WL 2882451, at *4 (E.D. Tenn. July 6, 2017) (finding "special condition requiring psychosexual assessment" was reasonably related to sexual battery that "predate[d] the instant conviction by approximately twelve years"). Taylor's particular criminal history—including 17 total convictions, three convictions for sex offenses, and a more recent conviction for failure to abide by sex offender registry requirements—demonstrates that the existing conditions of supervised release are appropriate to ensure the public's protection and Taylor's path to rehabilitation.

Additionally, Taylor's case is distinct from Carter and Thomas because the defendants in those cases immediately challenged the imposition of conditions that were insufficiently related to remote-in-time sex offenses. Here, as the Government emphasizes, see Suppl. Resp. at 6–7, Taylor struck a bargain requiring that he accept certain conditions in exchange for a transfer of his supervision to the district where he wanted to live. Taylor himself apparently found the conditions reasonable at the time he consented to them, and the Court sees no basis for upsetting its imposition of supervised release conditions agreed to by the parties.[5]

---

[5] Taylor also argues in his reply to the Government's supplemental response that (i) the conditions constitute "a significant intrusion into Taylor's liberty interests," Reply to Suppl. Resp. at 5 (citing United States v. McLaurin, 731 F.3d 258 (2d Cir. 2013)); and (ii) the psycho-sexual evaluation condition "is driven by Taylor's probation officer," which improperly "delegates sentencing authority to Taylor's probation officer," id. at 10 (citing United States v. Kent, 209 F.3d 1073 (8th Cir. 2000)). Taylor cannot introduce new arguments in the third round of briefing, and so these arguments are waived. See Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 553 (6th Cir. 2008) ("[W]e have found issues to be waived when they are raised for the first time . . . in replies to responses."). Regardless, these points have no merit. McLaurin concerned heightened scrutiny over the use of a plethysmograph device attached to the subject's penis to measure the subject's response to pornographic images, 731 F.3d at 259; nothing so invasive is threatened by the "psycho-sexual evaluation" ordered in this case, see 8/31/22 Order With Req. to Mod. Cond. at 2. And in Kent, the district court "improperly delegated a judicial function to [the defendant's] probation officer when it allowed the officer to determine whether [the defendant] would undergo counseling"; conversely, this Court has ordered a psycho-sexual evaluation without delegating "ultimate responsibility over the situation" to a non-judicial officer. Kent, 209 F.3d at 1079.

## III. CONCLUSION

For the reasons explained above, the Court denies Taylor's petition to modify his conditions of supervised release (Dkt. 326).

SO ORDERED.

Dated: May 25, 2023　　　　　　　　　　　　　s/Mark A. Goldsmith
Detroit, Michigan　　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge